## WAYNE COUNTY v STATE OF MICHIGAN

Docket No. 158886. Submitted April 13, 1993, at Detroit. Decided November 16, 1993, at 9:20 A.M.

Wayne County and the Wayne County Chief Executive brought an action in the Wayne Circuit Court against the State of Michigan, the Governor, and others, seeking a declaration concerning the respective legal obligations of the parties for providing and paying for foster care services for abused and neglected children when those services are ordered by the Wayne County Probate Court, Juvenile Division. The circuit court, Richard C. Kaufman, J., granted summary disposition for the county, ruling that the state was obligated to provide and to pay for all court-ordered foster care. The state appealed.

The Court of Appeals *held*:

1. The "program of general public relief" referred to in the statute that transferred responsibility for a program of general public relief from counties to the state, MCL 400.14(2); MSA 16.414(2), does not include the foster care programs operated by the counties under MCL 400.55(h); MSA 16.455(h). The program that was transferred is the county-administered general public relief program referred to in MCL 400.55(a); MSA 16.455(a). The mandate in MCL 400.55(h); MSA 16.455(h) that the "county department shall administer a public welfare program" including a program "to provide supervision and foster care as provided by court order," still has full force and effect.

2. Counties are still required to pay for the costs of foster care when the probate court places a child with a private agency pursuant to MCL 712A.18(1)(d); MSA 27.3178(598.18)(1)(d).

3. The trial court erred in holding that the county has no duty to pay for any foster care rendered necessary by a probate court's exercise of jurisdiction. Counties are responsible to pay for court-ordered foster care if the probate court orders place-

REFERENCES

Am Jur 2d, Infants §§ 16, 22; Welfare Laws § 45.

See ALR Index under Counties; Foster Children; Poor Persons; States.

ment in an existing county program or in a state-approved private institution or agency.

Affirmed in part and modified in part.

1. Social Services — Counties — General Public Relief Program — Foster Care Programs.

The "program of general public relief" referred to in the statute that transferred responsibility for a program of general public relief from counties to the state does not include the foster care programs operated by the counties under MCL 400.55(h); MSA 16.455(h); the program that was transferred is the county-administered general public relief program referred to in MCL 400.55(a); MSA 16.455(a) (MCL 400.14[2]; MSA 16.414[2]).

2. Social Services — Counties — Foster Care Programs — Probate Courts.

Counties are responsible to pay for court-ordered foster care for abused or neglected children where a probate court orders placement in an existing county program or in a state-approved private institution or agency (MCL 712A.2[b], 712A.18[1][d]; MSA 27.3178[598.2][b], 27.3178[598.18][1][d]).

*Cooper, Fink & Zausmer, P.C.* (by *David H. Fink* and *Sarah D. Lile*), for Wayne County.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Robert S. Welliver, Janis Meija,* and *Raymond O. Howd,* Assistant Attorneys General, for the State of Michigan.

Amicus Curiae:

*McGinty, Brown, Jakubiak, Frankland, Hitch & Henderson, P.C.* (by *Kenneth P. Frankland*), for Michigan Federation of Private Child and Family Agencies and the Michigan Foster and Adoptive Parent Association.

Before: WAHLS, P.J., and MacKenzie and Hood, JJ.

PER CURIAM. This is a declaratory judgment action to determine the respective legal obligations

of the State of Michigan and Wayne County for providing and paying for foster care services for abused and neglected children when those services are ordered by the Juvenile Division of the Wayne County Probate Court. Defendants (hereafter collectively referred to as the state) appeal as of right from an order granting plaintiffs' (hereafter collectively referred to as the county) motion for summary disposition. In granting the motion, the trial court ruled that the state was obligated to provide and to pay for all·court-ordered foster care.

This case is limited to the question who must provide and pay for court-ordered foster care for abused or neglected children under the probate court's jurisdiction pursuant to MCL 712A.2(b); MSA 27.3178(598.2)(b). Historically, under the Social Welfare Act, MCL 400.1 *et seq.*; MSA 16.401 *et seq.*, delivery of social services to these children has been the responsibility of both the state Department of Social Services (including its Office of Children and Youth Services and the Michigan Children's Institute) and county departments of social welfare. The state's Office of Children and Youth Services, for example, has responsibility for "[o]perating . . . [a] program of out-of-home care for delinquent or neglected children committed to or placed in the care and custody of the department by probate courts," MCL 400.115(a); MSA 16.490(25)(a), and "shall assume responsibility for all children committed to [the DSS] by the juvenile division of the probate court." MCL 400.115b(1); MSA 16.490(25b)(1).

Similarly under the Social Welfare Act, county departments of social welfare have been empowered to administer a fifteen-part public welfare program, which includes county responsibility for court-ordered foster care. MCL 400.55; MSA 16.455 provides, in part:

The county department shall administer a public welfare program, as follows:

* * *

(h) To investigate, when requested by the probate court, matters pertaining to dependent, neglected, and delinquent children and wayward minors, under the jurisdiction of the probate court [and] to provide supervision and foster care as provided by court order.

In 1975, the Legislature amended the Social Welfare Act by adding MCL 400.14(2); MSA 16.414(2), which now provides in relevant part as follows:

Other sections of this act notwithstanding, all powers and duties of the county social services boards to develop, implement, and administer a *program of general public relief,* are transferred to the state department effective beginning with the first county fiscal year following December 1, 1975. [Emphasis added.]

Essentially, the trial court in this case determined that the term "program of general public relief," as used in MCL 400.14(2); MSA 16.414(2), included court-ordered foster care provided by counties. The court therefore reasoned that because MCL 400.14(2); MSA 16.414(2) transferred responsibility for "general public relief" to the state, it relieved counties of the obligation to provide foster care services as previously set forth at MCL 400.55(h); MSA 16.455(h). The court then concluded that because the county was no longer obligated to provide court-ordered foster care, it was not obligated to pay for such services.

We disagree with the trial court's analysis because, in our opinion, it is based on a faulty premise. Unlike the trial court, we must conclude

that the program of general public relief referred to in MCL 400.14(2); MSA 16.414(2) does *not* include the foster care programs operated by the counties under MCL 400.55(h); MSA 16.455(h). This conclusion is based on reading as a whole MCL 400.55; MSA 16.455, which sets forth the fifteen separate functions of a county's public welfare program. Under MCL 400.55; MSA 16.455 as it appeared in relevant part at the time MCL 400.14(2); MSA 16.414(2) transferred administration of "a program of general public relief" from counties to the state, counties were required to provide, in addition to court-ordered foster care and other services,

> *general relief* including medical care as defined in this section . . . to any person domiciled in the county who has a legal settlement in the state. *General relief* may also be granted to a person who has a legal settlement in the state but no domicile in the county . . . . In a temporary emergency, *general relief* may be given to indigents without a settlement in the state as the respective county departments deem necessary. [MCL 400.55(a); MSA 16.455(a). Emphasis added.]

We are convinced that this county-administered general public relief program—and not the county's court-ordered foster care program—is the "program of general public relief" that was transferred to the state's control under MCL 400.14(2); MSA 16.414(2). We therefore conclude that the counties' mandate that "[t]he county department shall administer a public welfare program" including a program "to provide supervision and foster care as provided by court order," MCL 400.55(h); MSA 16.455(h), still has full force and effect.

The county points to MCL 712A.18(1)(c) and (18); MSA 27.3178(598.18)(1)(c) and (18) as proof that

"the [probate] Court's power to provide foster care services to abused and neglected children and with it the County's obligation to pay for those services" have been legislatively eliminated. While we must agree that subsections 1(c) and 18 [as well as subsection 17] prohibit probate courts from placing and keeping children in *foster care homes,* this does not mean that the probate courts were stripped of all remedies short of committing the children to the state.

While commitment with the state (or a county program, if available) is an option under MCL 712A.18(1)(e); MSA 27.3178(598.18)(1)(e), so too is placement in a private institution or agency that has been approved or licensed by the state. MCL 712A.18(1)(d); MSA 27.3178(598.18)(1)(d). Subsection 1(d) relieves probate courts of the duty of supervising foster care homes because the approval and licensing of private institutions and agencies is now clearly handled by the "state department of social services." MCL 712A.18(1)(d); MSA 27.3178(598.18)(1)(d). Nevertheless, while the supervisory function of the probate courts has been limited, they still have the option of private placement short of commitment with the state. Thus, rather than concluding, as the trial court did, that counties have no duty to pay for any foster care services, we hold that counties are still required to pay for the costs of foster care when the probate court places a child with a private agency pursuant to MCL 712A.18(1)(d); MSA 27.3178(598.18)(1)(d).

Our interpretation of the various statutes should allay the state's concern that under the trial court's interpretation counties would have no incentive to minimize costs because the state would be totally responsible. Under our interpretation, county probate courts still have the incentive to

minimize costs because MCL 803.305; MSA 25.399(55) makes counties liable for fifty percent of the costs of care when children are committed to the state, subject to certain county hardship exceptions. If a county could provide the same care for less cost under either a county program [MCL 712A.18(1)(e); MSA 27.3178(598.18)(1)(e)], or placement with a state-approved private institution or agency [MCL 712A.18(1)(d); MSA 27.3178(598.18)(1)(d)], it may be in a county's financial interest to do so, while pursuing matching state funds.

In summary, instead of the trial court's position that the county has no duty to pay for any foster care rendered necessary by a probate court's exercise of jurisdiction, we hold that counties are responsible to pay for court-ordered foster care if the probate court orders placement in an existing county program or in a state-approved private institution or agency. In all other respects, the decision of the trial court is affirmed.

Affirmed in part and modified in part.